*The Letters Testamentary under* HORATIO N. FERRIS' *Will.*

WHERE objections to the issuing of letters testamentary are filed by a person claiming under oath to be a creditor of the estate, the Surrogate will entertain and try them, even though the person named as executor in the will alleges the objector to be a debtor instead of a creditor. The Surrogate will assume that he is a creditor.

G. G. SICKLES, *for Creditor, W. H. See.*
C. R. DISOSWAY, *for Mrs. Kirby.*
FOSTER & PECKHAM, *for Executor.*

THE SURROGATE. The will of Horatio N. Ferris having been admitted to probate, an affidavit was made by William H. See, an alleged creditor, setting forth that he intended to file objections against the granting of letters testamentary to the executor and executrix named in the will, and the granting of such letters was accordingly stayed by the Surrogate, under chapter 460, section 22 of the Laws of 1837.

Objections were filed by See, and counsel for the proposed executor now moves to dismiss these objections, on the grounds:

1. That See is not a creditor, but a debtor of the estate.

2. That the objections filed by See do not allege any disqualification within the five subdivisions of the third section (*R. S.*, 5*th ed.*, *vol.* 3, *p.* 154), which treat of persons deemed absolutely incompetent to serve as executors.

1. With respect to the denial that the objector is a creditor, I can only say that I cannot try that question on this motion. That is a point which, being alleged under the responsibility of an oath, must, for the purposes of these proceedings, be assumed.

2. The third section does not treat of proceedings like this, the requiring of security from an executor. It treats of matters which disqualify, absolutely, a person proposed as an executor, and which, if proven, render him wholly unable to act in that capacity. This is a proceeding under section 6, page 155, of a different nature entirely.

The motion to dismiss the objections filed by See is denied, and the case must proceed on the merits.

A second affidavit to stay the granting of letters testamentary to the executor and executrix named in this will has now been made by Mary Kirby, claiming to be of next of kin to testator, and a legatee under his will. Objections on the part of Mrs. Kirby being now brought into Court, counsel for the executor objects to the filing of these, on the ground that their appearance at this time involves the re-commencement of these proceedings.

I cannot see that I can deprive any person, claiming to be interested in an estate, of the privilege given by express provisions of the statute, of filing objections against the granting of letters testamentary, at any time before they are actually issued. The objections brought into Court by Mrs. Kirby are under both section three and section five; they allege improvidence in the executor and executrix, and also that their circumstances are not such as to afford adequate security. They must be received and filed.